**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JONATHAN ERNESTO FLORES MARTINEZ,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-00762-JLT-EGC

ORDER DENYING PETITIONER'S MOTION TO REOPEN HABEAS PROCEEDINGS AND ENFORCE JUDGEMENT

(Doc. 25)

## I. INTRODUCTION

Before this Court is a motion by Jonathan Ernesto Flores Martinez to reopen his habeas proceedings and enforce this Court's May 27, 2026, order requiring Respondents to provide Petitioner with a substantive bond hearing before an Immigration Judge. (Doc. 25.) For the reasons set forth below, the Court **DENIES** the motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that by reference here. (*See* Doc. 20.) On May 27, 2026, this Court adopted the findings and recommendations issued by the assigned magistrate judge in this case to grant the petition for writ of habeas corpus after finding that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. (Doc.

23 at 2.) The Court further ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing bond hearing at which Respondents bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight risk or danger to the community. (*Id.*) In connection with the bond hearing, this Court ordered that Petitioner shall receive at least 72-hours' notice of the hearing. (*Id.*) On May 27, 2026, Petitioner was provided notice of the custody redetermination hearing to take place on June 5, 2026. (Doc. 31-1 at 1.)

On June 5, 2026, an IJ held the Court-ordered bond hearing. (Doc. 29; *see also* Digital Audio Recording ("DAR I").) Petitioner appeared at the hearing without an attorney. The IJ asked Petitioner if he wanted to obtain counsel to represent him at the bond hearing. (*See* DAR I at 1:53.) When Petitioner responded in the affirmative, the IJ rescheduled Petitioner's hearing for a later date so Petitioner's counsel could appear on his behalf. (*Id.* at 2:05.)

The rescheduled bond hearing was held on June 9, 2026, which fell within the Court's ordered timeframe for the bond hearing. (Doc. 30; *see also* Digital Audio Recording ("DAR II").) Petitioner attended the bond hearing represented by counsel. The IJ denied bond, finding that Respondents met their burden to prove by clear and convincing evidence that Petitioner presents a flight risk. (*See* DAR II at 28:00.) Specifically, the IJ found that because Petitioner had a humanitarian visa while living in Mexico, he may be ineligible for asylum relief pursuant to the firm resettlement bar under INA § 208(b)(A)(vi), which makes an alien ineligible for asylum if they were "firmly resettled" in another country before arriving in the U.S. (*Id.* at 23:00.) The IJ specifically noted that he was not denying bond based on danger to the community, since Respondents' assertion that Petitioner was a MS-13 gang member in El Salvador was entirely speculative. (*Id.* at 28:00.)

On June 16, 2026, the IJ issued a written order following the bond hearing. (Doc. 31-2.) The order noted that after full consideration of the evidence presented, Petitioner's bond was denied on the following grounds:

> The Court found that the government met its burden by clear and convincing evidence that Respondent is a flight risk. Respondent's relief is speculative. Respondent was previously granted a humanitarian visa in Mexico which would negatively impact the asylum claim. Respondent is not eligible for 42B due to his date of

entry. Relief is limited to the Respondent.

(*Id.*)

On July 23, 2026, Petitioner filed the instant motion, arguing that his continued detention without an adequate bond hearing violates this Court's prior habeas corpus order and, necessarily, his Fifth Amendment due process rights. (*See generally,* Doc. 25.) Petitioner contends that (1) Respondents failed to provide him adequate notice of the June 5, 2026 bond hearing, (2) Respondents failed to prove by clear and convincing evidence that Petitioner posed a flight risk, (3) the IJ failed to consider material evidence submitted by Petitioner, (4) and the IJ may have impermissibly shifted the evidentiary burden to Petitioner.

## III. LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). Habeas courts may also review questions of pure law *de novo*. *See Singh v. Holder*, 638 F.3d 1196, 1202-03 (9th Cir. 2011).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## IV. ANALYSIS[1]

Having carefully considered and reviewed Petitioner's submissions and the digital audio recordings of the June 5 and June 9, 2026, bond hearings, the Court finds that that Petitioner has not demonstrated that Respondents failed to comply with its prior habeas order.

First, Petitioner's argument that he did not receive proper notice of the June 5, 2026, bond hearing necessarily fails, given that he received written notice of the hearing on May 27, 2026.[2] (Doc. 31-1 at 1.)

Next, as to the IJ's flight risk assessment, that is not a question for this Court, given that the Court lacks the ability to "second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, 2018 WL 2938628, at *4 (holding that where the evidence is undisputed, "differences in interpretation of the facts" remain "well within the province of the immigration judge"). Complaints about application of BIA case law to Petitioner and IJ's weighing of factors must be presented through the normal immigration appeal process.

Petitioner's argument regarding the IJ's failure to consider materially favorable evidence also fails. The Ninth Circuit has explained that an IJ's failure to cite every piece of evidence in the record does not amount to clear error. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000); *See Cole v. Holder*, 659 F.3d 762, 772 (holding that only "potentially dispositive testimony and documentary evidence" must be specifically addressed). "When nothing in the record or the [IJ's] decision indicates a failure to consider all the evidence," a court will rely on the agency's statement that it considered all the evidence before it. *See Cole*, 659 F.3d at 771. But

[1] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.

[2] Moreover, the IJ continued the hearing to June 9, 2026 to allow Petitioner to be represented by counsel.

when there is an indication that something is amiss, like if the [IJ's] "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," courts do not credit its use of a "catchall phrase" to the contrary. *Id*. at 771-72. Here, Petitioner fails to demonstrate that "something is amiss" regarding the IJ's consideration of the evidence. *See Cole*, 659 F.3d at 771.

The IJ's written memorandum explicitly states that she denied bond "[a]fter full consideration of the evidence presented." (Doc. 31-2 at 1.) Furthermore, the IJ specifically considered most, if not all, of the evidence cited by Petitioner, including his two U.S. citizen children, length of residency, and history of appearances at prior hearings, but ultimately concluded that Petitioner poses a significant flight risk. *See Perez v. Wolf*, 445 F. Supp. 3d 275, 291 (N.D. Cal. 2020) (finding that "inherent in the IJ's order is a conclusion that the Petitioner's evidence was not as convincing as the Government's evidence"). The order denying bond also sufficiently explained the basis for the IJ's decision. In immigration proceedings, "[d]ue process requires a minimum of clarity in dispositive reasoning[.]" *Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010), *superseded by statute on other grounds as stated in Ferrer-Rodriguez v. Blanche*, No. 25-1161, 2026 WL 1093348, at *2 n.3 (9th Cir. Apr. 22, 2026).

Lastly, there is nothing in the oral or written record before the Court that indicates the IJ shifted the burden of proof to Petitioner.

## V. CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to reopen habeas proceedings enforce the Court's earlier order (Doc. 25) is **DENIED**. The case remains **CLOSED**. Furthermore, the Clerk of the Court is directed to **TERMINATE** all pending motions in this matter.

IT IS SO ORDERED.

Dated: August 6, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE